

*Phone:*   (202) 772-5967
*Fax:*     (202) 572-8412
*Email:*   Simmer@BlankRome.com

March 3, 2014

**BY ECF AND FACSIMILE**

Honorable Robert F. Kelly
United States District Judge
United States District Court for the Eastern District of Pennsylvania
601 Market Street, Room 11613
Philadelphia, PA 19106-1797

> Re:   *United States ex rel. Weathersby et al. v. Endo Pharmaceuticals Inc. et al.*, Case No. 2:10-cv-02039[1]

Dear Judge Kelly:

We are counsel for Relators Max H. Weathersby, Jr. and MK Litigation Partnership 2011, LLP in the referenced case. On February 21, 2014, the United States filed a notice of intervention in order to effectuate a civil settlement and criminal plea agreement with Endo regarding certain covered conduct. As part of the civil settlement, Endo agreed to pay the United States and certain settling States an aggregate sum of approximately $172 million. However, the settlement agreement reserved from dismissal – until settled, adjudicated, or otherwise resolved – the claims of the relators in this case and those in two related cases as to (i) a relator's share of the settlement amount pursuant to 31 U.S.C. § 3730(d)(1), and (ii) reasonable attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d)(1).

The related cases are *United States et al. ex rel. Ryan v. Endo Pharmaceuticals Inc.*, No. 05-cv-3450 (the "Ryan Case") and *United States et al. ex rel. Dhillon v. Endo Pharmaceuticals*, No. 11-cv-7767 (the "Dhillon Case"). Although each case has been assigned to Your Honor, the cases have not been consolidated.

The relators in these cases have been unable to reach agreement on allocation of the relator's share, and the current posture of the three cases makes resolution of the issue procedurally complex for two reasons: <u>First</u>, because the cases have not been consolidated, each

---

[1] Although the ECF docket indicates that this case is assigned to the Honorable Stewart Dalzell, the matter was reassigned to Your Honor's calendar by Order dated July 6, 2010.

Watergate, 600 New Hampshire Avenue, NW Washington, DC  20037

www.BlankRome.com

Boca Raton • Cincinnati • Houston • Los Angeles • New York • Philadelphia • Princeton • San Francisco • Shanghai • Tampa • Washington • Wilmington



Honorable Robert F. Kelly
March 3, 2014
Page 2

relator may file papers in his/her own case, but not in the related cases. This effectively precludes the parties from addressing each other's arguments, although their competing claims to a relator's share necessarily are intertwined. <u>Second</u>, the parties' arguments will involve citation to prior iterations of the complaints in their cases, which, at the request of the Government, remain under seal since only the last amendments of the complaints were unsealed.[2]

Under these unique circumstances, we respectfully submit that the Court may wish to consolidate these three cases and establish a unified briefing schedule for the purpose of determining the relator's share allocation in an orderly and efficient manner. Additionally, it has been our experience in other cases that these issues often are susceptible to alternative dispute resolution, and to that end the Court may wish to direct that the parties participate in a structured mediation – *i.e.*, one conducted under the guidance of a United States Magistrate Judge or other neutral, and our clients would be amenable to a similar approach here.

We are available to participate in a status conference to discuss these issues with the Court. We appreciate the Court's consideration of these issues.

Very truly yours,

/s/ W. Scott Simmer

cc:   Counsel of Record (by ECF)
      John R. Newcomer, counsel for Relator Ryan (via email)
      Phillip D. Barber, counsel for Relator Dhillon (via email)
      David R. Smith, counsel for Relator Dhillon (via email)

---

[2] In this case, only the Third Amended Complaint has been unsealed (*see* Dkt. 24), although the Second Amended Complaint is relevant to analysis of the relator's share allocation. Similarly, in the Ryan Case, only the Third Amended Complaint has been unsealed (*see* Dkt. 24), although Ryan's First Amended Complaint is relevant to the analysis. (The Weathersby SAC was partially unsealed for the limited purpose of permitting the Government to disclose it to Ryan's counsel, and, likewise, the Ryan FAC was partially unsealed for the limited purpose of permitting the Government to disclose it to the undersigned.)