## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : | CIVIL ACTION |
| ex rel. PEGGY RYAN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No.  05-3450 |
| | : | |
| ENDO PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : | CIVIL ACTION |
| ex rel. MAX H. WEATHERSBY, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No.  10-2039 |
| | : | |
| ENDO PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : | CIVIL ACTION |
| ex rel. GURSHEEL S. DHILLON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No.  11-7767 |
| | : | |
| ENDO PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                               **AUGUST 25, 2014**

Presently before this Court is Relator, Gursheel Dhillon's ("Dhillon"), pro se "Motion to

Set Aside the Courts [sic] Decision and Motion for a New Trial Oral Arguement [sic]

Requested," the separate Responses in Opposition filed by Relator Peggy Ryan ("Ryan") and

Relator Max Weathersby ("Weathersby"), and the Reply of Dhillon thereto.  For the following

reasons, Dhillon's Motion is denied.

I.      **FACTUAL BACKGROUND**

The following is a condensed summation of how we arrived at the instant Motion filed by

Dhillon.[1]  The current proceeding is the product of three separate *qui tam* actions filed by

Relators Ryan, Weathersby and Dhillon[2], against Defendants, Endo Health Solutions, Inc., and

its subsidiary, Endo Pharmaceuticals, Inc. (collectively, "Defendants"),[3] for violations of the

False Claims Act ("FCA") stemming from Endo's promotion of the drug Lidoderm for off-label

uses.[4]  (See Gov't's Mem. on the Eligibility of Relators, at 1.)  All three actions generally alleged

that Endo promoted Lidoderm for uses that were not approved by the Food and Drug

Administration nor medically accepted, thus causing false claims to be submitted to federal

healthcare programs.  (Id.)

On February 21, 2014, the United States of America (the "Government") elected to

---

[1]A more detailed recitation of the factual background of this case can be found at U.S. ex rel. Ryan v. Endo Pharmaceuticals, Inc., Nos. 05–3450, 10–2039, 11–7767, 2014 WL 2813103 (E.D. Pa. June 23, 2014).

[2]The corresponding docket numbers for the three individual *qui tam* actions are as follows: Ryan, 05-cv-3450; Weathersby, 10-cv-2039; and, Dhillon, 11-cv-7767.

[3]Defendant Endo Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in Chadds Ford, Pennsylvania.  See Ryan Am. Compl. ¶ 5.  Endo manufactures, markets and sells pharmaceuticals.  Id.

[4]The Food and Drug Administration, pursuant to the Food, Drug and Cosmetics Act, 21 U.S.C. §§ 301-97, has the authority to approve drugs for sale in interstate commerce, such approval is contingent on the manufacturer demonstrating that the drug is safe and effective for the specific intended uses. United States ex rel. Bergman v. Abbot Labs., No. 09-4264, 2014 WL 348583, at *7 (E.D. Pa. Jan. 30, 2014).  In alleging "off-label" use, Relators are referring to the promotion and sale of Lidoderm for uses which the drug has not been proven safe and effective.  Lidoderm is an adhesive patch that is applied to the skin and is approved only for the treatment of pain related to post-herpetic neuralgia ("PHN"), a complication that sometimes accompanies shingles.  (See Gov't's Mem. on the Eligibility of Relators, at 1.)

intervene on behalf of the Relators for settlement purposes.  (See Gov't's Notice of Election to

Intervene, Feb. 21, 2014.)  On this same day the Relators entered into a Settlement Agreement,

whereby Defendants agreed to pay approximately $171.9 million to resolve the alleged FCA

violations.  (See Gov't's Mem. on the Eligibility of Relators, at 1.)  The issue of the Relators'

entitlement to a share of the federal proceeds of the FCA settlement was specifically reserved at

the time of the settlement.  (Id.)  On March 7, 2014, we consolidated the cases solely regarding

the issue of the Relators' share pursuant to 31 U.S.C. § 3730(d)(1).  (See Order Consolidating

Cases, Mar. 7, 2014.)  On April 11, 2014, the Government filed a Memorandum on the eligibility

of the Relators to receive a share of the settlement proceeds.  (See Gov't's Mem. on the

Eligibility of Relators.)  In this document, the Government did not advocate for any one Relator.

(Id.)  Rather, the Government set forth the relevant legal framework with the understanding that

the individual Relators would respond with arguments supporting their individual eligibility to

receive the award.  (Id.)  Within the permissible time period to respond, the Relators filed

individual memorandums raising arguments for receiving either a portion of, or the whole,

settlement award.  The Government subsequently replied to these memorandums, and the

Relators each responded in turn.

On June 23, 2014, we determined that Ryan was the sole Relator eligible for the proceeds

of the Settlement Agreement.  (See Order Granting Relator Ryan's Motion to be Sole Relator,

June 23, 2014.)  In reaching this conclusion, the Court found that Ryan was the first-to-file a

sufficiently pleaded Complaint, and that the first-to-file rule, as well as the public disclosure bar,

precluded Dhillon from receiving any share of the settlement award.  (Id.)

On July 14, 2014, Dhillon filed a pro se "Motion to Set Aside the Courts [sic] Decision

and Motion for a New Trial Oral Arguement [sic] Requested." Timely responses in opposition to

Dhillon's Motion followed from Ryan and Weathersby to which Dhillon replied. Although

Dhillon characterizes his Motion as one for a new trial, we note that no trial was held previously.

In light of his pro se status, we interpret Dhillon's Motion as a reconsideration of the previous

Order of this Court, which declared that Ryan was the sole relator eligible for the settlement

award.[5]

## II.     STANDARD OF REVIEW

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). See

Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of

law or fact or to present newly discovered evidence. Lazaridis v. Wehmer, 591 F.3d 666, 669

(3d Cir. 2010). Accordingly, a judgment may be altered or amended if the party seeking

reconsideration demonstrates one of the following narrowly defined circumstances: (1) an

intervening change in the controlling law; (2) the availability of new evidence that was not

available at the time of the Court's judgment; or, (3) the need to correct a clear error of law or to

prevent manifest injustice. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d

669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218

(3d Cir. 1995)). "Mere dissatisfaction with the Court's factual or legal rulings . . . does not meet

the manifest injustice standard; the motion for reconsideration should be more than a forum to

express dissatisfaction with the result ordered in the Court's opinion." Kansas City Fire &

Marine Ins. Co. v. Consol. Rail Corp., 97-8134, 1999 WL 497232, at *1 (E.D. Pa. July 14, 1999).

---

[5]Pro se litigants are entitled to a liberal reading of their filings. See Ellington v. Cortes,
532 F. App'x. 53, 55 (3d Cir. 2013).

Due to the strong interest by the judiciary in the finality of its decisions, the reconsideration of a court's judgment is an extraordinary remedy, and therefore, should be granted sparingly.  See In re Commonwealth's Mot. to Appoint Counsel, No. 13-510, 2013 WL 5781732, at *1 (M.D. Pa. Oct. 25, 2013); Conway v. A.I. DuPont Hosp. for Children, No. 04-4862, 2009 WL 1492178, at *2 (E.D. Pa. May 26, 2009).

## III.   DISCUSSION

Prior to reaching the substance of Dhillon's Motion, we must ascertain whether the Motion was timely filed as the parties disagree on the timeliness of Dhillon's Motion.  Dhillon initially argues that the instant Motion is timely under Rule 7.1.[6]  (See Dhillon Reply, 3.) However, Dhillon then concedes that the Motion was not filed within the fourteen day filing deadline of Rule 7.1 because Dhillon's counsel failed to file the Motion despite Dhillon's demand that he do so.  (Id.)  We disregard this contention because we find that Dhillon's Motion is one for reconsideration under Federal Rule of Civil Procedure 59(e).  See Wiest v. Lynch, 710 F.3d 121, 217 (3d Cir. 2013) (holding that the timing requirements of Rule 59(e) control in situations where the opposing party argues that Local Rule 7.1 applies).  A motion for reconsideration pursuant to Rule 59(e) must be filed no later than twenty eight (28) days after the entry of the judgment or order.  Fed. R. Civ. P. 59(e).  Under this filing deadline, Dhillon's Motion is timely as the instant Motion was filed twenty two (22) days after the entrance of the Court's Order.

The substantive basis for the instant Motion is Dhillon's contention that the Court

---

[6]We interpret this contention to reference Local Rule 7.1(g).  Under this Rule, "motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the judgment, order, or decree concerned."  E.D. Pa. Loc. R. 7.1(g).

committed a clear error of law in finding that Relator Ryan was the sole relator eligible for the

settlement award. Although the Motion is borderline incomprehensible and meanders over fifty-

five (55) pages, the Court deciphers two types of arguments raised by Dhillon, both of which are

prohibited in a motion for reconsideration. First, Dhillon attempts to reargue findings of this

Court related to the status of his Complaint and the insufficiency of Ryan's Complaint.[7] As the

Court has already denied these arguments, they are not suitable for reconsideration. See Drysdale

v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa.2001) (holding that a motion for reconsideration

may not be used as a means to reargue unsuccessful theories or argue new facts or issues that

were not presented to the court in the context of the matter previously decided). Second, Dhillon

attacks the statement of F.B.I. Agent Chris Mulhall ("Mulhall"), which was attached to Ryan's

Motion, as "not authentic or true."[8] (See Dhillon Reply to Relator Ryan's Resp., 6.) In

attempting to undermine the veracity of Mulhall's statement, Dhillon includes a statement from

an employee of Endo,[9] which he believes supports his claim for eligibility.[10] This statement is

the type of evidence that should have been included within Dhillon's original motion. See

Prusky v. Prudential Ins. Co. of Am., 44 F. App'x 545, 548 n.1 (3d Cir. 2002) (holding that a

---

[7]Specifically, Dhillon argues that he was an original source and that the public disclosure bar and the first-to-file rule should not have acted to deny his ability to share in the proceeds of the Settlement Agreement.

[8]The statement of Mulhall is also the subject of a Motion to Strike filed by Dhillon. This matter is considered in a separate Memorandum Opinion.

[9]Dhillon has attached this statement to his Motion to Strike. The document was filed under seal, and we use only the initials C.L. in order to protect the identity of the declarant per their request.

[10]Even despite the clear prohibition on introducing the statement of C.L., we question the significance of the statement as C.L. attests solely to the fact that she was interviewed by the F.B.I. because of Dhillon's *qui tam* Complaint.

motion for reconsideration cannot be used to introduce for the first time evidence that was previously available); see also In re Linerboard Antitrust Litig., MDL No. 1261, 2008 WL 4461914, at *3 (E.D. Pa. Oct.3, 2008), *aff'd*, 361 F. App'x 392 (3d Cir. 2010) ("A motion to reconsider may not raise new arguments that could or should have been made in support of, or in opposition to, the original motion.").

Finally, Dhillon requests oral argument on these issues.[11] (See Dhillon Answer to Relator Ryan's Resp., 2.) We deny Dhillon's request as we do not believe a hearing is warranted because there is no actionable basis for granting reconsideration in this case. See Loc. R. 7.1(f) (stating that the court may dispose of a motion without oral argument).

## IV.   CONCLUSION

It is readily apparent from Dhillon's Motion that he fails to demonstrate any intervening change in controlling law, the availability of any new evidence or any need to correct a clear error of law or to prevent manifest injustice. See Max's Seafood Café, 176 F.3d at 677. Rather, Dhillon's Motion merely reiterates meritless arguments, which were previously rejected by the Court. See Healy v. Att'y Gen. Pa., 563 F. App'x 139, 143 (3d Cir. 2014). Consequently, there is no basis for relief under Rule 59(e), and we deny Dhillon's Motion for Reconsideration.

An appropriate Order follows.

---

[11]Additionally, Dhillon asserts that his counsel believed that oral argument would occur preliminary to the Order of the Court granting eligibility for the proceeds of the Settlement Agreement. (See Dhillon Answer to Relator Ryan's Resp., 5.) The Court is puzzled at this contention as there is no support for this belief in the record, and the Court's Order provides only that briefs would be filed in this matter. (See Order, Mar. 10, 2014 (Doc. No. 18)).