# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al.,<br>ex rel. PEGGY RYAN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | No.  05-3450 |
| | : | |
| ENDO PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al.,<br>ex rel. MAX H. WEATHERSBY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | No.  10-2039 |
| | : | |
| ENDO PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al.,<br>ex rel. GURSHEEL S. DHILLON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | No.  11-7767 |
| | : | |
| ENDO PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                        **OCTOBER 22, 2014**

Presently before this Court are Relator, Gursheel Dhillon's ("Dhillon"), pro se

"Expedited Motion for Court Order to Allow In-Camera Review of Court Record," the Joint

Response in Opposition filed by Relators, Peggy Ryan ("Ryan") and Max Weathersby

("Weathersby"), and the Response in Opposition filed by the United States of America (the "Government").  For the following reasons, Dhillon's Motion is granted in part and denied in part.

## I.      BACKGROUND

Due to the extensive factual background of this litigation provided in the previous Memorandum Opinions of this Court, we address solely the facts underlying Ryan's instant Motion.[1]  This litigation emanated from three separate *qui tam* actions filed by Relators, Ryan, Max Weathersby ("Weathersby") and Dhillon, alleging that Endo Pharmaceuticals, Inc. ("Endo") promoted the drug Lidoderm for uses that were neither approved by the Food and Drug Administration nor medically accepted, thus causing false claims to be submitted to federal healthcare programs.[2]  On February 21, 2014, the Government elected to intervene on behalf of the Relators for settlement purposes.  (See Gov't's Notice of Election to Intervene, Feb. 21, 2014.)  On this same day, the Relators entered into a Settlement Agreement, whereby Endo agreed to pay approximately $171.9 million to resolve the alleged False Claims Act violations. (See Gov't's Mem. on the Eligibility of Relators, at 1.)

After extensive briefing by the Government and the parties, we held that Ryan, as the first relator to file claims against Endo, was the sole relator eligible to recover the funds attained through the Settlement Agreement.  (See Order, June 23, 2014.)  In reaching this determination,

---

[1] The full factual background for this litigation can be found at United States ex rel. Ryan v. Endo Pharmaceuticals, Inc., No. 05–3450, 2014 WL 2813103 (E.D. Pa. June 23, 2014).

[2] In Latin, the phrase *qui tam* is short for "*qui tam pro domino rege quam pro se ipso in hac parte sequitur*," which translates as, "who pursues this action on our Lord the King's behalf as well as his own."  United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 509 n.1 (3d Cir. 2007) (quoting Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 769 n.1 (2000)); see also Black's Law Dictionary (9th ed. 2009).  Thus, a *qui tam* action permits private parties to bring suit to enforce the law on the Government's behalf and rewards successful plaintiffs with part of the recovery. United States ex rel. Zizic v. Q2Administrators, LLC, 728 F.3d 228, 231 n.1 (3d Cir. 2013) (quoting United States ex rel. Springfield Terminal Ry. Co. v. Quinn, 14 F.3d 645, 647 n.1 (D.C. Cir. 1994)).

we found that the first-to-file rule and the public disclosure ban precluded Dhillon from participating in the recovery of any of the funds.  See U.S. ex rel. Ryan, 2014 WL 2813103, at *9-10.

On July 21, 2014, the Court became aware, through the filing of a Notice of Appeal, that Dhillon was appealing our decision granting Ryan sole relator status to the United States Court of Appeals for the Third Circuit ("Third Circuit").[3]  (See Dhillon Notice of Appeal.)  On September 26, 2014, Dhillon filed the instant Motion seeking a Court Order granting the in-camera review of the case files.  (Dhillon Exp. Mot. for In-Camera Review, 1.)  Dhillon contends such relief is necessary to enable him to prepare for and proceed with his appeal to the Third Circuit.  (Id.)

## II.    DISCUSSION

Although Dhillon's Motion is vague as to the exact documents that he seeks to review, it is evident that twelve documents remain under seal in this case.[4]  (Dhillon's Exp. Mot. for In-Camera Review, 1.)  Due to Dhillon's pro se status, we endeavor to examine whether the documents should remain under seal.[5]  Upon review, we agree with the position of the Government that seven document numbers should be unsealed and that five others should remain under seal.

---

[3]At the time of filing the Notice of Appeal, Dhillon was represented by counsel.  (See Dhillon Notice of Appeal.)  However, Dhillon is currently proceeding pro se.

[4]Specifically, Dhillon requests that the Court allow him to "review the record under camera seal in the District Court Clerks office."  (Dhillon's Exp. Mot. for In-Camera Review, 1.)  Out of an abundance of caution for his pro se status, we interpret this request as one for the unsealing of documents.

[5]The Court is mindful that a pro se litigant's filings are to be construed liberally.  See Green v. Coleman, 575 F. App'x 44, 46 (3d Cir. 2014).

The seven document numbers[6] that we order unsealed are:

1.  The Court Order of September 19, 2005, granting an extension of the seal (Doc. 3);

2.  The Court Order of March 14, 2006, re-assigning this case (Doc. 5);

3.  The Court Order of September 15, 2006, relating to the seal (Doc. 6);

4.  The State of Montana's Notice of Election to Decline Intervention (Doc. 9);

5.  The Court Order of November 15, 2010, permitting limited disclosure of complaints to the Relators (Doc. 11);

6.  The Pro Hac Vice applications and related Orders filed and entered in January and March 2011 (Docs. 13, 14, 15, 16, 17 and 18); and

7.  The Court Order of January 13, 2012, which permitted the limited disclosure of the complaints to Defendant Endo.

On the contrary, the five documents that we determine shall remain under seal are:

1.  The first Motion filed by the Government on September 15, 2005, for an extension of the seal and an extension of the evaluator period (Doc. 2);

2.  The unopposed Motion filed by the Government on March 13, 2006, for an extension of the seal, and to place the matter in civil suspense (Doc. 4);

3.  The ex parte application for limited disclosure of the complaint filed by the Government on November 15, 2010 (Doc. 10);

4.  The ex parte application for limited disclosure of the complaint filed by the Government on November 29, 2010 (Doc. 19); and

5.  Any and all other ex parte submissions and correspondence of the Government to this Court.

We agree with the contentions raised by the Government and by Relators Ryan and

Weathersby that the five sealed records are not relevant to Dhillon's appeal, and that Dhillon has

neglected to provide any specific need for the documents with which to overcome the

governments' interests.  The determination of whether to unseal documents requires a court to

---

[6]We note the document numbers relate solely to United States ex rel. Ryan v. Endo Pharmaceuticals Inc., 05-cv-3450.

balance the need for the information sought by the movant against the harm to the Government

by the disclosure of the information.  See United States v. Educ. Mgmt. LLC, Nos. 07-461 and

07-971, 2013 WL 4591317, at *2 (W.D. Pa. Aug. 28, 2013) (citing United States ex rel.

Yannacopolous v. General Dynamics, 457 F. Supp.2d 854, 858 (N.D. Ill. 2006)).  Where the

harm of unsealing outweighs the need for the documents, courts will deny the request for lifting

the seal.  United States ex rel. Mikes v. Straus, 846 F. Supp. 21, 23 (S.D.N.Y. 1994).

        In this case, Dhillon has failed to demonstrate, and the Court is not aware of, any

necessity for unsealing the documents.  The only underlying reasoning asserted by Dhillon is that

he wishes to review the record in order to prepare for his appeal before the Third Circuit.

(Dhillon's Exp. Mot. for In-Camera Review, 1.)  The scope of this appeal is limited to our

decision that the first-to-file rule and the public disclosure ban bar his ability to recover any of

the settlement proceeds.  At this time and even prior to filing the instant Motion, Dhillon

possessed or had access to all of the complaints, which contain all the pertinent information

necessary for appeal on these issues.  See United States ex rel. LaCorte v. SmithKline Beecham

Clinical Laboratories, Inc., 149 F.3d 227, 235 n.6 (3d Cir. 1998) (finding that the separate

complaints are all that is necessary for appellate review of such issues); see also In re

Secivanovic, Nos. 04-2381 and 04-2466, 2005 WL 1583357, at *1 (3d Cir. July 7, 2005) (citing

Srein v. Frankford Trust Co., 323 F.3d 214, 224 n.8 (3d Cir. 2003) ( precluding the assertion of

new arguments on appeal).  In sum, Dhillon has failed to demonstrate any basis for the unsealing

of the aforementioned documents, nor has he asserted any reason why this information could be

utilized in his appeal.

        Conversely, we are persuaded by the strong reasons set forth by the Government for

maintaining the seal on the five remaining documents.  First, the Government avers that the

sealed documents contain its "investigatory techniques, decision-making processes, and reasoning that apply in hundreds of similar cases in which the government must decide whether and how to conduct enforcement litigation." (Govt.'s Resp. in Opp'n, 7.) As such, revealing this confidential information would greatly harm the Government's ability to identify and prosecute fraud. (Id.) Second, the Government argues that "unsealing these pleadings would have a chilling effect on the future preparation of such briefs." (Id.) Courts have found that the protection of the type of information at issue in this case warrants maintaining the seal. See United States ex rel. Smith v. Progressive Holdings, LLC, No. 11-482, 2012 WL 225925, at *1 (W.D. Pa. Jan. 25, 2012) (denying the unsealing of document because it would reveal confidential investigatory techniques utilized by the government); see also United States ex rel. O'Keefe v. McDonnell Douglas Corp., 902 F. Supp. 189, 192 (E.D. Mo. 1995). Upon review, we agree that lifting the seal would release information that would greatly harm the ability of the Government to investigate and prosecute fraud. In consideration of this finding, it is evident that the balancing of factors favors maintaining the seal on the documents.

## III.   CONCLUSION

In the context of this case, where Dhillon has failed to articulate any rationale for unsealing the remaining sealed documents and the Government has expressed strong interests in maintaining the seal, the balance weighs heavily in favor of maintaining the seal on the five remaining documents. Consequently, Dhillon's Motion is denied as to the five remaining sealed documents. Overall, our decision will not affect Dhillon's ability to litigate his appeal because, at this time, he possesses all of the relevant documents necessary for his appeal.

An appropriate Order follows.